UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROL ANN H., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:23-cv-00242-LEW |
| ) | |
| KILO KIJAKAZI, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant ) | |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Acting Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE FINDINGS**

Defendant's final decision is the August 22, 2022, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2).[1] The ALJ's decision tracks the familiar five-

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of fibromyalgia, carpal tunnel syndrome, cervical spine spondylosis, arthritis, obesity, post-traumatic stress disorder (PTSD), anxiety disorder, and depressive disorder. (R. 22.) The ALJ further found that Plaintiff has the residual functional capacity (RFC) to perform light work with certain exceptions.

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including the representative occupations of assembler, cleaner, and price marker. (R. 32.) The ALJ determined, therefore, that Plaintiff was not disabled.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters

entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that the ALJ erred in his evaluation of the medical opinion evidence when he assessed Plaintiff's RFC. The ALJ discounted the opinion of one of Plaintiff's treatment providers, Carleen Knight, N.P., who assessed limitations that would have effectively precluded any work for Plaintiff. The ALJ instead relied on the opinions of two state agency consultants, Archibald Green, D.O., and Melanie Thompson, M.D., who determined that Plaintiff could perform light work consistent with the RFC adopted by the ALJ.[2]

> In his assessment of Nurse Knight's opinion, the ALJ reasoned in part:
>
> Nurse Knight's medical opinion as to the claimant's residual function, vastly exceeds longitudinal objective exam findings, particularly with regard to frequent positional change, fine and gross manipulation, and time off task/absenteeism. For example, the claimant held and patted her emotional support animal for the duration (approximately 55 minutes) of the video hearing, without changing position."

(R. 29.) The ALJ's reliance on Plaintiff's interaction with her support animal was erroneous as, contrary to the ALJ's finding, Plaintiff stated that she had to stand at one point during the hearing. (R. 53.) Plaintiff's need to stand, however, does not necessarily support Nurse Knight's restriction that Plaintiff must walk every fifteen minutes for five minutes.

The record contains sufficient support for the ALJ's finding that the limitations imposed by Nurse Knight, including the limitations on the use of her upper extremities,

---

[2] The ALJ ultimately adopted the limitations found by Dr. Thompson, which limitations were more restrictive than the limitations found by Dr. Green.

3

exceed or are inconsistent with the overall medical record. In fact, Nurse Knight's treatment notes include multiple entries describing Plaintiff in "no acute distress" (R. 391, 398, 408, 2190, 2214, 2223, 2421, 2432), a normal range of motion in her peripheral joints (R. 391, 398, 2190, 2214, 2223, 2432), and no acute symptoms in her hands. (R. 408.) The notes of other providers also document normal movement of her extremities. (R. 452, 458, 463.)

The ALJ supportably found that the opinions of Drs. Green and Thompson are more consistent with the overall record. Although both consultants erroneously attribute Nurse Knight's April 13, 2021, opinion to Plaintiff's counsel, their error does not invalidate their assessment of the medical evidence.[3] Dr. Thompson, the consultant upon the ALJ primarily relied in formulating Plaintiff's RFC, discounted the opinion based in part on several factors unrelated to the identity of the author of the opinion. Dr. Thompson supportably found that the opinion "relie[d] heavily on the subjective report of symptoms and limitations provided by the individual, and the totality of the evidence does not support the opinion," that "[t]he opinion contains inconsistencies, rendering it less persuasive," and that "[t]he medical opinion contrasts with the other evidence in the record, which renders it less persuasive." (R. 118.)

The ALJ also cited medical evidence that he found more consistent with the opinions of the consultants. (R. 28-29.) While the ALJ could have explained in more

---

[3] The opinion, which is set forth on a form document, was apparently requested by Plaintiff's counsel. The first line of the form states, "From: Riley Fenner, Attorney at Law …" (R. 1103.) Evidently, the consultants referenced the "from line" when summarizing the records that they reviewed and assessed. (R. 89, 93, 113, 118.)

4

detail the reasons he found the opinions of the state agency consultants, particularly Dr. Thompson's opinion, to be more persuasive, the ALJ satisfied his obligation to assess the evidence, including the expert opinions, and supportably explained that Dr. Thompson's opinion was consistent with other information in the medical record. *See* 20 C.F.R. § 404.1520c(b)(2) (supportability and consistency "are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions.")[4]

The ALJ weighed the evidence, including the expert opinion evidence, and resolved the conflicts in the evidence. *See Irlanda Ortiz v. Sec'y Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991) ("[T]he resolution of conflicts in the evidence is for the [ALJ], not the courts."); *see also Rodriguez,* 647 F.2d 218, 222 ("the determination of the ultimate question of disability is for [the ALJ], not for the doctors or for the courts."). The Court's role is not to re-weigh the evidence. The ALJ's RFC assessment is supported by substantial evidence on the record.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions

---

[4] Plaintiff argues the ALJ did not properly consider the supportability and consistency of the consultants' opinions as required by 20 C.F.R. § 404.1520c(b)(2). I am unaware of any persuasive authority that requires an ALJ to compare explicitly those factors as to each medical opinion or finding of record. Here, the ALJ satisfied the requirement when he discussed the relationship of the expert opinions to the medical record.

entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

         /s/ John C. Nivison
         U.S. Magistrate Judge

Dated this 11th day of January, 2024.